UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSEPH ELIJAH AGEE, | ) | CASE NO. C05-1506-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| SHANE STEVENSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### INTRODUCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an action pursuant to 42 U.S.C. § 1983. He alleges that while he was awaiting trial on criminal charges in the King County Jail, he was improperly placed in Administrative Segregation. Defendants have filed a motion for summary judgment and a motion to dismiss. (Dkt. #28, #31). Plaintiff has not filed a response to either motion. For the reasons discussed below, the court recommends that defendants' motion for summary judgment be granted and the complaint and this action be dismissed with prejudice.

### BACKGROUND

The declarations submitted by defendants in support of their motion for summary judgment and motion for dismissal establish the following facts, which are uncontroverted by plaintiff:

REPORT AND RECOMMENDATION
PAGE -1

01   Plaintiff was arrested on various charges, including attempted murder, and was booked
02 into King County Jail ("Jail") on November 17, 2004. (Dkt. #29 at 2). He was assigned to "close-
03 custody housing," which is the highest security level for group housing in the Jail, based upon the
04 severity of his charges and prior criminal history. (*Id*.)

05   In April, 2005, Detective Dana Duffy of the Seattle Police Department reported to King
06 County Deputy Prosecutor Shayne Stevenson that she had learned that various witnesses had been
07 threatened by plaintiff or by his family. (Dkt. #32 at 2). Included among the witnesses who had
08 felt threatened by plaintiff was Steven Hills, whom plaintiff had allegedly tried to kill in the incident
09 that gave rise to plaintiff's attempted murder charge. Hills was also being held in the Jail on a
10 material witness warrant, and had inadvertently crossed paths with plaintiff while awaiting
11 transport to the King County Courthouse. (*Id*.) On May 12, 2005, Prosecutor Stevenson spoke
12 with Hills, who confirmed that plaintiff had spoken to him with the apparent aim of intimidating
13 him. (Dkt. #30 at 2). Hills also stated that other inmates had tried to intimidate him at the behest
14 of plaintiff. (*Id*.)

15   Prosecutor Stevenson filed a motion in the state court seeking to deny plaintiff access to
16 the telephone to prevent him from further attempts at intimidating witnesses. (*Id*.) Between May
17 14-18, 2005, plaintiff was placed in Administrative Segregation ("Ad. Seg.") by Jail officials in
18 order to deny him access to the telephone, while the Jail waited for the court to rule. (Dkt. #29
19 at 3). The state court apparently did not directly rule on this issue but deferred it to the Jail
20 officials, who then decided to keep plaintiff in Ad. Seg. in light of the information they had
21 received from Prosecutor Stevenson about plaintiff's attempts at intimidating witnesses. (*Id*.)
22   On June 29, 2005, plaintiff filed a motion in state court to have him removed from Ad Seg.

REPORT AND RECOMMENDATION
PAGE -2

(Dkt. #30 at 3). The court denied the motion. (*Id.*, Ex. C). On August 25, 2005, plaintiff was transferred out of Ad Seg and into group housing. (Dkt. #29 at 3). Plaintiff was sentenced by the state court on September 29, 2005. (Dkt. #33, Ex. B at 7). On October 7, 2005, plaintiff was released from the Jail and transferred into the custody of the Washington Department of Corrections, to begin serving his sentence.

On September 26, 2005, plaintiff submitted the instant complaint pursuant to 42 U.S.C. §1983. (Dkt. #5). In his complaint he named as defendants Detective Duffy, Prosecutor Stevenson, and two Jail officials who placed him in Ad Seg., Robert Deneui and Officer Kitner. Defendants filed their answers on January 10, 2006 and January 17, 2006. (Dkt. #17, #18).

On February 17, 2006, plaintiff filed a motion to extend the deadlines for discovery and dispositive motions. (Dkt. #26). The court granted the motion. (Dkt. #27). Defendants filed a motion for summary judgment on July 21, 1006 (Dkt. #28), and a motion to dismiss on July 24, 2006. (Dkt. #31). Plaintiff has not filed a response to either motion, and the matter is ready for review.

DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of

material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

As previously mentioned, plaintiff alleges that defendants collectively violated his constitutional rights by placing him in Ad Seg for approximately three and a half months, from May 14, 2005 to August 25, 2005. Defendants raise numerous arguments in support of their motion for summary judgment and their motion to dismiss, including prosecutorial immunity, qualified immunity, and plaintiff's failure to state a claim upon which relief can be granted. The court, however, need not address each individual argument because it appears that, more simply, plaintiff has failed to carry his burden of showing that a genuine issue of material fact exists regarding his claim of improper classification.

As the Ninth Circuit noted in a similar case, prison and jail officials should be accorded "wide-ranging deference in the adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); *quoting Bell v. Wolfish*, 441 U.S. 520, 540 (1979). Plaintiff has presented nothing to refute defendants' showing that his placement in Ad Seg was to protect witnesses from intimidation. Therefore, "[n]othing in the record . . . suggests that the security classification system is not 'reasonably related' to legitimate penological interests, and therefore, constitutional." *Frost*, 152 F.3d at 1130 *citing Turner v. Safley*, 482 U.S. 78, 89 (1987).

Accordingly, the court recommends that defendants' motion for summary judgment be granted and this action be dismissed with prejudice. Further, the court recommends that the

dismissal count as a "strike" under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

DATED this 7th day of September, 2006.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5